# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDEN M. SIMONS, et al.,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>U.S. BANK N.A.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 14cv2138-LAB (BGS)<br><br>**ORDER DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; AND**<br><br>**ORDER OF DISMISSAL** |

　　　On September 9, 2014, Plaintiff Shelden Simons filed the complaint in this case, which is styled as a complaint for unlawful eviction.

　　　The complaint violates a number of rules, including notably the requirement that it clearly identify who the parties are, *see* Fed. R. Civ. P. 10(a), and that it be legible, without unauthorized hand-written alterations See Civil Local Rule 5.1(a) and (c). The complaint originally identified U.S. Bank National Association as Plaintiff, and Shelden and Charles Simons as Defendants, and was captioned as a notice of removal, purporting to remove San Diego County Superior Court Case number 37-2014-00021236. Then, in pen, someone has crossed out "Notice of Removal of" and written in "Complaint for Unlawful Eviction," and altered the party designations to indicate that the Simonses are the Plaintiffs and U.S. Bank the Defendant.

/ / /

　　　The complaint and pleadings are very confused. The complaint (or notice of removal)

1 does not make clear whether the case was filed here after state court proceedings had
2 concluded, or whether a pending case was removed from state court. The caption (as
3 altered) identifies this as a newly-filed case, but the complaint repeatedly refers to removal.
4 Plaintiffs have not attached any copies of the state court complaint or any other documents
5 filed in the state court docket, as would be required if this were a removed case. *See* 28
6 U.S.C. § 1446(a). State court records, however, show that the identified case has proceeded
7 to judgment, resulting in the issuance of the eviction notice attached as Exhibit A-9 to the
8 complaint. (Docket no. 1-1 at 10.) Because the state court action has already proceeded to
9 judgment, it appears Plaintiffs are attempting to bring a *de facto* appeal from that judgment.
10 The Court therefore construes the complaint as an original complaint seeking relief from a
11 state court judgment, rather than as a notice of removal.

12 Regardless of whether this case was removed or originated here, the Court is required
13 to examine its jurisdiction and if jurisdiction is lacking, to dispose of it. If jurisdiction is lacking,
14 the Court must either dismiss it (if the case originated here), *see Chapman v. Pier 1 Imports*
15 *(U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir.2011) (en banc), or remand it (if it was removed). 28
16 U.S.C. § 1447(c).

17 The complaint fails to invoke the Court's jurisdiction. First, because it is a *de facto*
18 appeal of a state court judgment, the Court lacks jurisdiction even to consider it. *See Exxon*
19 *Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker–Feldman*
20 doctrine bars "state-court losers complaining of injuries caused by state-court judgments"
21 from seeking federal review of those judgments); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir.
22 2003) (giving standard of review).

23 In addition, although Plaintiffs identify diversity as the basis for the Court's exercise
24 of jurisdiction, the amount in controversy is not met. The complaint seeks to fend off Plaintiffs'
25 eviction from a home that has already been sold in a foreclosure sale, and the value of
26 temporary possession of the home does not satisfy the jurisdictional threshold of
27 / / /
28

$75,000 provided for in 28 U.S.C. § 1332(a).[1] *See Danco Inc. v. Tyler*, 2014 WL 4402488, slip op. at *1 (C.D.Cal., Sept. 4, 2014) (holding that, in unlawful detainer actions, the amount in controversy is the amount of damages sought in the complaint, not the value of the underlying real property).

Furthermore, Charles Simons did not sign the complaint as required by Fed. R. Civ. P. 11(a). Rather, there is a single signature block with Shelden Simons' signature, and underneath this is written "Defendant - Shelden M. Simons And Power of Attorney for Charles S. Simons." Perhaps this is intended to mean that Charles directed Shelden to sign on his behalf. But if that were so, there would be two signatures, one for each Plaintiff. The motion for temporary restraining order attaches a general power of attorney signed in 2012 by Charles and giving Shelden authority to act on his behalf. But this document doesn't make Shelden Simons an attorney-at-law, with authority to represent Charles in court. Under Rule 11, only parties and their attorneys (that is, attorneys-at-law) can sign and file pleadings, and only after an appropriate review. *See* Rule 11(a) and (b). This does not appear to be a case where someone physically unable to make his own signature nevertheless read and confirmed the contents of the pleadings (as required by Rule 11(b)) and directed someone else to sign on his behalf. Shelden Simons, to be sure, can represent himself, but he cannot represent anyone else in this case.

Finally, the Foreclosure Profile Report indicates that neither Charles nor Shelden, in their personal capacities, are or were owners of the property. That document says the owner is the "Simons, Charles S Trust 02-03-09." (Docket no. 1-1 at 6.) In other words, it appears that legal title to the property in question was, at the time of foreclosure, held in trust, and that the trustee (whoever that may be) is the only proper plaintiff here. Whatever interest Charles and Shelden Simons may have personally in continuing to live in the residence, it would appear neither of them in their individual capacity is the proper plaintiff. If the real party in

---

[1] The complaint mentions that the foreclosure documents are seeking recourse for a deficiency of $329,277, but the attached documents do not support this. Rather, it appears US Bank is or was seeking only possession of the residence. *See* Compl., Ex. A at 5 (Docket no. 1-1 at 6, Foreclosure Profile Report).

interest is a trust, it must be represented by a licensed attorney. *See generally Swenson v. United States*, 2013 WL 147814 (E.D.Cal., Jan. 14, 2013) (citing, *inter alia, C. E. Pope Equity Trust*, 818 F.2d 696, 697 (9th Cir. 1987)) (holding that in actions in federal court, trusts <u>must</u> be represented by an attorney, and that neither federal law nor California law provide otherwise). Even if one of the two Plaintiffs is the trustee, he could not represent the trust unless he were also a licensed attorney.

**Conclusion and Order**

The Court construes the complaint as a new and original complaint, rather than as a notice of removal. The motion for temporary restraining order is **DENIED**. It is clear the Court lacks any jurisdiction over this matter, and this case is therefore **DISMISSED WITHOUT LEAVE TO AMEND**. The motions to proceed *in forma pauperis* are **DENIED AS MOOT**.

If this were a removed case, the Court would have remanded it. This dismissal does not adjudicate any claims, nor does it deprive the state courts of any jurisdiction over case number 37-2014-00021236, the subject property, the eviction, any other matters appealed, or any related matters. If there is any need to clarify or amend this order, US Bank may file a motion in this case pursuant to Fed. R. Civ. P. 60 seeking clarification of this order.

The Clerk is directed to send a copy of this order to the Superior Court of California for the County of San Diego, North Division, with an annotation indicating that it appears to relate to case 37-2014-00021236.

**IT IS SO ORDERED**.

DATED: 09/10/2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge